IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELINA TAPIA,                )
                               )
        Plaintiff,              )
                               )
    v.                         )  Civil Action No. 18-1104
                               )
NANCY A. BERRYHILL, ACTING     )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
        Defendant.              )

O R D E R

AND NOW, this 28th day of August, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh

the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in not ordering a consultative examination to be performed, in finding that her back and shoulder pain and carpal tunnel syndrome did not constitute severe impairments at Step Two of the sequential analysis, and in formulating her residual functional capacity ("RFC"). The Court finds no merit in Plaintiff's contentions and finds that substantial evidence supports the ALJ's decision.

Plaintiff's first argument is that the ALJ improperly declined to order mental and physical consultative examinations. Her attorney had requested that such examinations be ordered at the hearing, but the ALJ issued no such order. The Court finds, however, that the ALJ did not err in declining to order such an exam. While an ALJ *may* order a consultative examination if the record is insufficient to render a decision, he or she is generally not required to do so. See 20 C.F.R. §§ 416.919a, 416.920b; Thompson v. Halter, 45 Fed. Appx. 146, 149 (3d Cir. 2002). Generally, an ALJ is authorized to obtain a consultative examination "if the information needed to make a disability determination, 'such as clinical findings, laboratory tests, a diagnosis or a prognosis' cannot be obtained from the claimant's medical sources." Tuulaupua v. Colvin, Civ. No. 14-1121, 2015 WL 5769984, at *6 (W.D. Pa. Sept. 30, 2015) (quoting 20 C.F.R. §§ 416.919a(a) and (b)). Such an examination may be ordered "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on your claim." 20 C.F.R. § 416.919a(b). The decision whether to order such an examination is within the sound discretion of the ALJ. See Thompson, 45 Fed. Appx. at 149. This decision "should be firmly rooted in an assessment of the evidence as a whole." Woodman v. Berryhill, Civ. No. 3:17-cv-151, 2018 WL 1056401, at *5 (M.D. Pa. Jan. 30, 2018).

The Court here finds that the ALJ did not abuse her discretion in not obtaining a consultative examination. As noted, at the administrative hearing in this matter, Plaintiff's counsel requested that the ALJ obtain a consultative mental examination, or at the very least a physical one, and set forth the basis for her request. (R. 83-88). While the ALJ agreed with counsel that Plaintiff's medical record was "sparse," she at no time indicated that the record was insufficient to render a decision. (R. 85). Rather, she seems to have been indicating that there simply was not much evidence establishing a disability, not that more evidence was needed to render a decision. Indeed, the record contained a good deal of medical evidence, but that evidence did not demonstrate that Plaintiff was disabled. The Court further notes that the state reviewing agents also did not deem a consultative examination to be needed. (R. 100. 109). Under these circumstances, the Court finds that substantial evidence supports the ALJ's exercise of her discretion.

Plaintiff next argues that the ALJ erred in finding that her back and shoulder pain were not medically determinable impairments and that her carpal tunnel syndrome constituted a non-severe impairment at Step Two. However, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other

words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found that Plaintiff's alleged back and shoulder condition and carpal tunnel syndrome were not severe impairments.

Of course, even if an impairment is non-severe, it may still affect a claimant's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. § 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." SSR 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's back and shoulder pain and carpal tunnel syndrome to be severe impairments does not mean that these conditions could not still have affected Plaintiff's RFC.

Here, however, the ALJ emphasized that she was considering the effects of Plaintiff's non-severe impairments, including her carpal tunnel syndrome and back and shoulder pain, in determining Plaintiff's RFC, in accordance with Section 416.945(a)(2). (R. 16, 17). Indeed, the ALJ expressly noted that the RFC adequately accounted for Plaintiff's back condition (R. 17), and included specific upper extremity limitations to account for Plaintiff's carpal tunnel syndrome in formulating the RFC. (R. 17, 19). To the extent that Plaintiff argues that the RFC was insufficient, or that the ALJ erred in failing to incorporate the weight lifting limitations to which consultative examiner Semon Bader, M.D., opined, the Court finds that substantial evidence supports the ALJ's findings. The ALJ explained at great length how she formulated the RFC, discussing Plaintiff's relatively unremarkable physical exams, her modest treatment history, her activities of daily living, including the fact that she hand-made jewelry despite her carpal tunnel syndrome, her poor work history, and the fact that the state reviewing agents actually found Plaintiff to be significantly less limited in her ability to work. (R. 18-19, 98-104, 106-112). The Court further notes that Dr. Bader, a consultant from a prior SSI application, issued his opinion well prior to the amended onset date (R. 84, 567), and, in any event, the limitations to which he opined would not have precluded Plaintiff from working. (R. 567-72).

The issue is not whether Plaintiff did, in fact, suffer from lower back and shoulder pain and/or carpal tunnel syndrome, but whether these conditions "caused functional limitations that precluded [her] from engaging in any substantial gainful activity." Walker v. Barnhart, 172 Fed. Appx. 423, 426 (3d Cir. 2006). The ALJ explained how she formulated Plaintiff's RFC in significant detail, and the Court finds her determination to be supported by substantial evidence. Accordingly, for all of the reasons stated herein, the Court hereby affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record